UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

GARNET CAPITAL ADVISORS, LLC,

       Plaintiff,

 -against-

SCOTT CARRAGHER,

       Defendant.

----------------------------------------------------------------X

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Index No.: 16-cv-07155-KMK

Plaintiff Garnet Capital Advisors, LLC ("Garnet"), by and through its attorneys, Farrell Fritz, P.C., as and for its Answer under Fed. R. Civ. P. 12(a)(1)(B) to the Counterclaims asserted by Defendant Scott Carragher ("Carragher") in his Answer, Defenses, and Counterclaims, dated October 12, 2016, alleges as follows:

## JURISDICTION

1. The allegations in paragraph "1" of the Counterclaims constitute conclusions of law as to which no response is required.

2. The allegations in paragraph "2" of the Counterclaims constitute conclusions of law as to which no response is required.

3. The allegations in paragraph "3" of the Counterclaims constitute conclusions of law as to which no response is required.

4. The allegations in paragraph "4" of the Counterclaims constitute conclusions of law as to which no response is required.

## PARTIES

5. Admit, upon information and belief, the allegations in paragraph "5" of the

Counterclaims.

6. Admit the allegations in paragraph "6" of the Counterclaims except deny that all of Garnet's members are citizens of New York State.

## ANSWERING THE FIRST COUNTERCLAIM

### COMPUTER HACKING IN VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT OF 18 U.S.C. § 1030

7. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "7" of the Counterclaims.

8. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "8" of the Counterclaims.

9. The allegations in paragraph "9" of the Counterclaims constitute conclusions of law as to which no response is required. To the extent a response is required, the allegations are denied.

10. Admit the allegations in paragraph "10" of the Counterclaims.

11. Admit the allegations in paragraph "11" of the Counterclaims.

12. Deny the allegations in paragraph "12" of the Counterclaims.

13. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "13" of the Counterclaims.

14. Deny the allegations in paragraph "14" of the Counterclaims.

15. Deny the allegations in paragraph "15" of the Counterclaims.

16. Deny the allegations in paragraph "16" of the Counterclaims.

## ANSWERING THE SECOND COUNTERCLAIM

### COMPUTER HACKING IN VIOLATION OF THE NEW JERSEY COMPUTER RELATED OFFENSE ACT, N.J.S.A. 2A:38A-1, *et seq.*

17. Repeat and reallege the responses to the allegations in paragraphs "1" through "16" of Carragher's Counterclaims as if fully set forth herein.

18. Deny the allegations in paragraph "18" of the Counterclaims.

## ANSWERING THE THIRD COUNTERCLAIM

### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

19. Repeat and reallege the responses to the allegations in paragraphs "1" through "18" of Carragher's Counterclaims as if fully set forth herein. Admit the allegations in paragraph "19" of the Counterclaims.

20. Deny the allegations in paragraph "20" of the Counterclaims.

21. Admit the allegations in paragraph "21" of the Counterclaims.

22. Deny the allegations in paragraph "22" of the Counterclaims.

23. Deny the allegations in paragraph "23" of the Counterclaims, except admit that Carragher became employed by Guardian Investment Banking and Real Estate, which later became known as Sortis Group, LLC, *before* his employment with Garnet terminated.

24. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "24" of the Counterclaims.

25. Deny the allegations in paragraph "25" of the Counterclaims, except admit that Garnet became aware that Carragher had a meeting with Ackman-Ziff from a writing Carragher left on a family calendar on his home refrigerator, which was seen by Carragher's wife.

26. Deny the allegations in paragraph "26" of the Counterclaims, except admit that

Sean McVity contacted Simon Ziff of Ackman-Ziff regarding Carragher.

27. Deny the allegations in paragraph "27" of the Counterclaims, except deny knowledge or information sufficient to form a belief as to whether Carragher ever received an employment offer from Ackman-Ziff.

28. Deny the allegations in paragraph "28" of the Counterclaims.

29. Deny the allegations in paragraph "29" of the Counterclaims.

## ANSWERING THE FOURTH COUNTERCLAIM

## INVASION OF PRIVACY

30. Repeat and reallege the responses to the allegations in paragraphs "1" through "30" of Carragher's Counterclaims as if fully set forth herein.

31. Deny the allegations in paragraph "31" of the Counterclaims.

32. Deny the allegations in paragraph "32" of the Counterclaims.

33. Deny the allegations in paragraph "33" of the Counterclaims.

34. Deny the allegations in paragraph "34" of the Counterclaims.

35. Deny the allegations in paragraph "35" of the Counterclaims.

## ANSWERING THE FIFTH COUNTERCLAIM

## BREACH OF CONTRACT

36. Repeat and reallege the responses to the allegations in paragraphs "1" through "36" of Carragher's Counterclaims as if fully set forth herein.

37. Deny the allegations in paragraph "37" of the Counterclaims.

38. Deny the allegations in paragraph "38" of the Counterclaims.

39. Deny the allegations in paragraph "39" of the Counterclaims.

40. Deny the allegations in paragraph "40" of the Counterclaims.

## ANSWERING THE SIXTH COUNTERCLAIM

### INJUNCTIVE RELIEF

41. Repeat and reallege the responses to the allegations in paragraphs "1" through "41" of Carragher's Counterclaims as if fully set forth herein.

42. Deny the allegations in paragraph "42" of the Counterclaims.

43. Deny the allegations in paragraph "43" of the Counterclaims.

44. Deny the allegations in paragraph "44" of the Counterclaims.

45. Deny the allegations in paragraph "45" of the Counterclaims.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

46. Carragher's Counterclaims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

47. Carragher's Counterclaims are barred by Carragher's own breaches of the parties' contract.

### THIRD AFFIRMATIVE DEFENSE

48. Carragher's own fault, intentional acts, omissions, and/or breaches of contract were the sole proximate cause of Carragher's alleged injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

49. To the extent Carragher has incurred any of the damages he alleges to have incurred, Carragher has failed to mitigate such damages.

### FIFTH AFFIRMATIVE DEFENSE

50. Carragher's Counterclaims are barred in whole or part by documentary evidence.

### SIXTH AFFIRMATIVE DEFENSE

51. Carragher's counterclaims are barred in whole or part are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

52. Carragher would be unjustly enriched if allowed to recover on any part of the Counterclaims.

### EIGHTH AFFIRMATIVE DEFENSE

53. Garnet reserves the right to file and serve additional defenses, as appropriate.

**WHEREFORE**, Garnet respectfully demands judgment in its favor (i) dismissing with prejudice Carragher's Counterclaims in their entirety; (ii) granting Garnet the relief requested in its Complaint; (iii) awarding Garnet the costs, expenses, and attorneys' fees incurred in prosecuting and defending this action; and (iv) such other and further relief this Court deems just and proper.

Dated: November 30, 2016
       Uniondale, New York

                                          FARRELL FRITZ, P.C.

By: _/s/ Kevin P. Mulry_
      Kevin P. Mulry
      Sarah M. Baird
      *Attorneys for Plaintiff*
      1320 RXR Plaza
      Uniondale, New York 11556
      Tel: (516) 227-0700
      Fax: (516) 227-0777

FF\6061454.1